IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

COLETTE A. SKOWRONEK,                    )
                                         )
            Plaintiff,                   )
   -vs-                                  )
                                           Civil Action No.  07-689
                                         )
BOROUGH OF AVONMORE,                     )
                                         )
            Defendant.                   )

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

Plaintiff is a former employee of Defendant Borough of Avonmore.  Plaintiff claims that Defendant failed to pay her compensation for accrued sick days, vacation days, and personal days, and then terminated her employment when she demanded payment.  Plaintiff asserts that Defendant's failure to pay her this compensation violates her procedural and substantive due process rights under 42 U.S.C. § 1983, that Defendant wrongfully discharged her for requesting payment, and that Defendant has been unjustly enriched as a result of its refusal to pay the compensation.

Defendant has moved to dismiss the Complaint in its entirety.  For the reasons set for below, I grant Defendant's Motion to Dismiss.

A.  APPLICABLE STANDARDS

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all factual

1

allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff.  Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007).  However, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. V. Twombly, – U.S. –, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).  In order to survive a motion to dismiss, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id., at 1969.

B.  FACTUAL ALLEGATIONS

Plaintiff was employed by Defendant beginning in July 1996 and continuing until her discharge on June 5, 2006.  During that period, her position as Borough Secretary was expanded to include the titles and responsibilities of Treasurer and Wage Tax and Occupational Tax Collector.  Plaintiff has not alleged the existence of an employment contract with Defendant.

On November 8, 2001, the Avonmore Borough Council adopted and published a Personnel Policy providing, in relevant part, that: "All vacation days, sick days, and personal days must be used by your individual annual start date or the remaining time is lost with no compensation.  Exception to this rule applies to secretary due to the difficulty in taking time off.  The secretary's time may roll over without penalty."  In December 2005, Plaintiff was paid for an unspecified portion of her accrued vacation, sick and personal days.

On April 11, 2006, the Borough Council adopted an Employee Handbook which

purported to revise the Defendant's policy with respect to payment of accrued vacation, sick and personal days.  The handbook provided that vacation pay could not be carried over from one year to the next, sick pay could "go back" one year beginning January 1, 2005 to January 1, 2006, with no responsibility for sick days prior to January 1, 2005, and that any accumulated compensatory time may be carried over to the first 90 days of the next calendar year.  An employee could not accumulate more than 60 total hours of compensatory time.

Plaintiff alleges that she is entitled to payment for an additional 164 vacation days, sick days, compensatory days, and "Treasurer days off," for a total of $21,593.47.  Despite Plaintiff's request, Defendant has refused to pay Plaintiff any additional sum with respect to this accrued time.

On or about June 5, 2006, Defendant terminated Plaintiff's employment. While Defendant offered no explanation for the termination, Plaintiff believes she was terminated as a result of her request for payment for the accrued time.

C. DEFENDANT'S MOTION TO DISMISS

Defendant argues that Plaintiff's procedural and due process claims fail as a matter of law.  Specifically, Defendant argues that Plaintiff's claim for procedural due process fails because Plaintiff does not have a protected property interest in payment for accrued sick, vacation and other compensatory days. With respect to Plaintiff's substantive due process claims, Defendant argues that the right to payment for accrued sick, vacation and other compensatory days is not a "fundamental" right subject to the protections of the United States Constitution.

Defendant also argues that Plaintiff has failed to state claims under Pennsylvania law for wrongful discharge and unjust enrichment.

   1. Procedural Due Process

   "To state a claim under §1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.' Hill v. Borough of Kutztown, 455 F.3d 225, 233-34 (3d Cir. 2006). Plaintiff herein has alleged a property interest in the monies owed to her for her accrued leave time.

   Even assuming that Plaintiff was contractually entitled to receive payment for accrued leave time, Plaintiff has not demonstrated a constitutionally protected property interest sufficient to support her procedural due process claim. Not every state contract gives rise to a property interest protected under the Fourteenth Amendment, and the court's role is "to draw the line of demarcation between contracts creating protectible rights and those that do not." Piekutowski v. Township of Plains, 2006 WL 3254536, at *4 (M.D. Pa. Nov. 9, 2006); see also, St. Germain v. Pennsylvania Liquor Control Bd., 2000 WL 39065, at *7 (E.D. Pa. Jan. 19, 2000) ("employment decisions that violate employment contracts do not necessarily form the basis for § 1983 actions") "Generally, the two types of contracts that create protected property interests are those that confer a protected status - those characterized by a quality of either extreme dependence in the case of welfare

benefits, or permanence in the case of tenure, or sometimes both, as frequently occurs in the case of social security benefits - and those where the contract itself includes a provision that the state entity can terminate the contract only for cause." Baraka v. McGreevey, 481 F.3d 187, 207 (3d Cir. 2007) (internal quotations omitted).

Plaintiff's alleged contractual right to receive payment for accrued leave time falls within neither of these categories. Employment benefits, such as sick leave, are not property interests protected by the due process safeguards of the Fourteenth Amendment. See Piekutowski, 2006 WL 3254536, at *5 (dismissing procedural due process claim arising out of township's failure to pay the value of accumulated sick leave); St. Germain, 2000 WL 39065, at *7 (no protectible property interest in payment for travel time and related costs). As the district court explained in dismissing the plaintiff's claim for accumulated sick leave in Piekutowski: "[The plaintiff's] Complaint raises nothing more than an ordinary breach of contract claim. To indulge [plaintiff]'s §1983 claim on this basis would result in the unacceptable wholesale federalization of state public contract law." 2006 WL 3254536, at *5.

Moreover, even if plaintiff had a protectible property interest, due process is satisfied by the availability of a remedy in state court. As the district court further explained in Piekutowski:

> [Plaintiff] has failed to demonstrate why a common law breach of contract action in state court, as opposed to a § 1983 action in federal court, will not provide an adequate remedy to a garden variety contract dispute. [Plaintiff]'s claimed loss. . .is easily defined and can be compensated in state court. . . .[Plaintiff]'s interest, undoubtedly important to him, does not rise to the level of, for instance, his interest in continued employment.

> The risk of erroneous deprivation would not be reduced by a pre-deprivation hearing because the Township made clear in the correspondence. . .to [Plaintiff] that [he] had no right to payment for the accumulated and unused sick leave.  Moreover, the burden imposed on the Township in requiring a pre-deprivation hearing would be disproportionate to the slight benefit [Plaintiff] would enjoy beyond that accompanying a state court action.

2006 WL 3254536, at *7.

Accordingly, I find that Plaintiff has failed to allege a claim based on procedural due process.  Count I of the Complaint is dismissed.

2. Substantive Due Process

"To prevail on a substantive due process claim challenging a state actor's conduct, a plaintiff must establish as a threshold matter that he has a protected property interest to which the Fourteenth Amendment's due process protection applies."  Hill v. Borough of Kutztown, 455 F.3d 225, 235 n.12 (3d Cir. 2006) (internal quotations omitted).  "[F]or a property interest to be protected for purposes of substantive due process, it must be 'fundamental' under the United States Constitution."  Id.  The Third Circuit has recognized "real property ownership" as the only property right considered to be 'fundamental' in the context of non-legislative substantive due process review.  Keefer v. Durkos, 371 F. Supp.2d 686, 693 (W.D. Pa. 2005) (citing Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 141 (3d Cir. 2000)); Coreia v. Schuylkill Cty. Area Vocational-Tech. Sch. Auth., 2005 WL 2266589, at *7 (M.D. Pa. Sept. 16, 2005) (same).

Plaintiff's argument that her "interest in the monies owed to her is analogous to the interest in land" is belied by extensive case law holding that employment

6

rights are not fundamental rights protected by the Constitution.  See, e.g., Hill, 455 F.3d at 235 n.12 ("This court has explicitly held that public employment is not a fundamental right entitled to substantive due process protection."); Nicholas, 227 F.3d at 143 (right to tenured employment "unworthy" of substantive due process protection); Piekutowski, 2006 WL 3254536, at *8 (value of unused sick leave is not property right subject to substantive due process claim); McGovern v. City of Jersey City, 2006 WL 42236, at *14 (D. N.J. Jan. 6, 2006) (claims for wage parity, overtime, pension, promotion and denial of transfer requests do not fall within scope of property afforded due process protection).

Accordingly, I find that Plaintiff has failed to allege a property interest subject to substantive due process protection.  Count II of the Complaint is dismissed.

3. State law claims

"[A]bsent extraordinary circumstances, where the federal causes of action are dismissed the district court should . . . refrain from exercising [supplemental] jurisdiction." Bright v. Westmoreland County, 380 F.3d 729, 751 (3d Cir. 2004) (citations and internal quotations omitted).  No such extraordinary circumstances exist here. Indeed, Defendant states, and Plaintiff has not denied, that the Court of Common Pleas allowed Plaintiff the opportunity to amend her complaint therein, but Plaintiff instead chose to withdraw her state court complaint and commence this action.

Accordingly, having determined that Plaintiff has failed to state a claim under § 1983, I decline to exercise jurisdiction over Plaintiff's state law claims for wrongful discharge and unjust enrichment.

7

<u>CONCLUSION</u>

The Defendant's Motion to Dismiss is granted with respect to Plaintiff's procedural and substantive due process claims.  The state law claims are dismissed without prejudice to refiling in state court.


**\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \***

<u>ORDER OF COURT</u>

AND NOW, this **5th** day of September, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the Motion to Dismiss (Docket No. [14]) is granted in so far as Plaintiff's federal claims based on due process are dismissed with prejudice.  Plaintiff's state claims are dismissed without prejudice to refiling in state court.  Judgment is entered in favor of Defendant and against Plaintiff.  This case is closed forthwith.


BY THE COURT:




<u>/S/   Donetta W. Ambrose</u>

Donetta W. Ambrose,
Chief U. S. District Judge

8